39th Cir. Civ. Case No. 11-57231
USDC Case No. CV11-01725 R (PLA)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

### JUSTIN RINGGOLD-LOCKHART, NINA RINGGOLD

### Appellants,

### v.

### COUNTY OF LOS ANGELES, JOHN A. CLARKE, in his Official and Administrative Capacity as Executive Officer of the Superior Court of the County of Los Angeles; ANDREA SHERIDAN ORDIN in her Official Capacity as County Counsel; JERRY BROWN in his Official Capacity as Governor of the State of California; KAMALA HARRIS in her Official Capacity as Attorney General of the State of California, and DOES 1-10.

### Respondents.
_____

On Appeal from the Judgment and Orders of United States District Court
for the Central District of California
The Honorable Manuel Real

_____

## APPELLANTS' OPENING BRIEF

_____

**NINA RINGGOLD, Esq. (SBN #133735)**
**Attorney for Appellants**
**Law Offices of Nina R. Ringgold**
**9420 Reseda Blvd. #361, Northridge, CA  91324**
**Telephone:  (818)  773-2409**
**Fax: (866) 340-4312**
**nrringgold@aol.com**

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................1

II.   STATEMENT OF JURISDICTION ...........................................3

III.  CONSTITUTIONAL AND STATUTORY
PROVISIONS INVOLVED ....................................................5

IV.  STATEMENT OF THE ISSUES ............................................5

V.   STATEMENT OF THE CASE ................................................5

VI.  STATEMENT OF FACTS ....................................................9

VII. SUMMARY OF ARGUMENT ...............................................13

VIII. STANDARD OF REVIEW ...................................................14

IX.   LEGAL ARGUMENT ..........................................................16

    A.    Procedural Issues ...................................................16

        1.  The District Court Lacked Jurisdiction To Consider
Matters At Issue In The Appeal Filed On November 8,
2010 ................................................................16

        2.  The District Court's November 7, 2011 Sua Sponte Order
Dismissing All Claims Under 42 U.S.C. § 1983 And Its
November 7, 2011 Sua Sponte Order On Vexatious
Litigant Status Do Not Conform With The Substantive
Law And Deprived Appellants Of Essential Due
Process ...........................................................18

        3.  The Vexatious Litigant Doctrine Does Not Apply To Persons
Who Are Not Appearing In A Court Proceeding In Propria
Persona Or To Attorneys Of Record, Therefore There Is
No Basis For The November 7, 2011 Or The December 6,
2011 Orders ......................................................19

    B.    Appellant's Constitutional Challenge To California Code Of
Civil Procedure § 391.7 Is In Part Based On The First

Amendment And Claims Of Viewpoint Discrimination And The District Court's Method Of Entry Of The November 7, 2011 And December 6, 2011 Orders Is Violates The Same Constitutional Rights  ....................................................23

C.        Under This Circuit's Decision In De Long v. Hennessey The December 6, 2011 Order Is A Clear Abuse of Discretion  ....................................................26

    1.  The Record Does Not Show A Fair Opportunity To Oppose The Order Before It Was Entered  ...............26

    2.  The District Court Did Not Create An Adequate Record For Review, Including A Listing Of All Cases And Motions, That Led To The Injunction  ....................................29

    3.  The District Court Failed To Make Substantive Findings As To The Frivolous Or Harassing Nature Of Numerous Actions  ..........................................................35

    4.  The District Court's Order Is Overbroad  .................37

X.    CONCLUSION  .................................................................38

STATEMENT OF RELATED CASES  .............................................39

ADDENDUM TO BRIEF

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**UNITED STATES CONSTITUTION**

First Amendment ...............................................................passim

**STATE CONSTITUTION**

California Constitution, Art. VI § 17 ...........................................9

**FEDERAL CASES**

Adarand Constructors, Inc. v. Mineta,
534 U.S. 103 (2001) ...................................................................14

Arbaugh v. Y & H Corp.
546 U.S. 500 (2006) ...................................................................14

Brereton v. Bountiful City Corp.,
434 F.3d 1213 (10th Cir. 2006) ...............................................14

Clark v. Bear Stearns & Co., Inc.,
966 F.2d 1318 (9th Cir. 1992) .................................................14

Cook v. Peter Kiewit Sons Co.,
775 F.2d 1030 (9th Cir. 1985) .................................................14

De Long v. Hennessey,
912 F.2d 1144 (9th Cir. 1990) ..........................................passim

Fleck and Associates, Inc. v. Phoenix, City of, an Arizona
Municipal Corporation,
471 F.3d 1100 (9th Cir. 2006) .................................................14

Griggs v. Provident Consumer Discount Co.,
459 U.S. 56 (1982) ...............................................................15–16

In re Murchison,

**STATE CASES**

Shalant v. Girard,
51 Cal.4th 1164 (2011) ......................................................12,20

Sturgeon v. County of Los Angeles,
167 Cal.App.4th 630 (Cal. 2008) ...............................................10

Ziegler v. Nickel,
64 Cal.App.4th 545 (Cal. 1998) ...............................................7,20

**FEDERAL STATUTES**

28 U.S.C. § 1291 ...................................................................4

28 U.S. C. § 1651 ................................................................3,16

28 U.S.C. § 2106 ..................................................................4

28 U.S.C. § 2201–2202 ...........................................................5

42 U.S.C. § 1982 .............................................................passim

42 U.S.C. § 1983 .............................................................passim

42 U.S.C. § 1985 .............................................................passim

**FEDERAL RULES**

Circuit Rule 28–2.7 ...............................................................5

Federal Rule of Civil Procedure 12 (b)(1) ...................................6,28

Federal Rule of Civil Procedure 12 (b)(6) .....................................6

Federal Rule of Civil Procedure 12 (c) ........................................18

Federal Rule of Civil Procedure 4 (h) .........................................18

## STATE STATUTES

California Code of Civil Procedure § 391.1–391.6   ...................25

California Code of Civil Procedure § 391.7    ...........................35

California Government Code § 11135  ......................................5,7

## SENATE BILLS

Senate Bill SBX 211 .................................................................21

Senate Bill 603 ......................................................................10

## OTHER

Los Angeles Times investigative series Guardians for Profit,
November 13–16, 2005, December 21, 2005  ..........................4,17

## I. INTRODUCTION

This Circuit has directed that orders which restrict access to the courts must be made with caution and based on an adequate justification supported in the record and narrowly tailored to address the abuse perceived. <u>De Long v. Hennessey,</u> 912 F.2d 1144, 1148 (9th Cir. 1990). This Circuit held that "such care is demanded in order to protect access to the courts, which serves as the final safeguard for constitutional rights." <u>Id.</u> at 49. In this case, the District court imposed a pre–filing injunction as to appellant Justin Ringgold–Lockhart ("Lockhart") and appellant Nina Ringgold ("Ringgold") and the record created by the District Court primarily consisted of 1 prior case which was dismissed for lack of subject matter jurisdiction. The order prohibits counsel of record, appellant Nina Ringgold, from representing a particular client (her son) despite this court's decision in <u>Weissman v. Quail Lodge, Inc.,</u> 179 F.3d 1194 (9th Cir. 1999) that the vexatious litigant doctrine does not apply to attorneys. It is vastly overbroad in that requires prior approval, not only as to related to a particular trust proceeding, but also to any matter relating to "administration of state courts" or "probate courts." Appellant Lockhart has never filed any litigation in any court in the United States in propria persona. Ringgold, counsel of record, has not filed litigation in propria persona in over 7 years.

In reality the case which was proceeding in the District Court involved constitutional challenges to state statutes including California Code of Civil Procedure ("CCP") § 397.1 which is a segment of the California Vexatious Litigant Statute. Appellants make facial and as applied challenges to the statute and claim that the statute is being applied in the first instance in the state appellate court to persons acting in a representative capacity without the mandatory and statutorily required due process motion as a form of viewpoint discrimination and to impair review of federal constitutional claims arising from the probate department of the Los Angeles Superior Court for the County of Los Angeles. After the District Court had ordered that the constitutional challenges proceeding under Title 42 U.S.C. § 1983 would go forward as to respondent Governor Brown ("Brown") and Attorney General Kamala Harris ("Harris") and an answer was filed conceded several issues key to appellant's constitutional challenge, the District Court made a sua sponte dismissal of the remaining claims against Brown and Harris and a sua sponte order making a tentative finding that appellants were vexatious litigants. As to both orders appellants never had advance notice or opportunity to heard. Since an earlier appeal had been filed, the district court lacked jurisdiction to proceed with its proceedings to impose a pre–filing injunction and function in a manner to indirectly address the issues pending in related appeals.

## II.   STATEMENT OF JURISDICTION

The District Court found that it had jurisdiction under 28 U.S. C. § 1651 to render its December 6, 2011 order following the appeal filed on November 8, 2011.  (ER Vol. 1.2:20–23, 1.361–390).  Title 28 U.S.C. 1651, states in pertinent part, as follows:

> (a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

This Court has jurisdiction because the December 6, 2011 order is an injunction which affects the rights of appellants and restricts access to the court.  <u>Moy v. United States</u>, 906.2d 467,  470 (9th Cir. 1990) ("…[W]e hold that this court does have jurisdiction to review orders which preclude particular litigants from filing their pleadings.  We have that jurisdiction even if the order is only directed to the clerk and even if no pleading has yet been rejected").   The December 6, 2011 order directed to appellants.

> "Plaintiffs will need permission from this Court prior to filing any action that relates to the Aubry Revocable Family Trust or the administration of state courts or probate courts.  The Court will approve all filings that it deems to be meritorious, not duplicative, and not frivolous. ¶ The Court notes that Plaintiff Nina Ringgold is subject to the order in her capacity as an individual, not as an attorney.  This distinction is made in order to comply with the holding of <u>Weissman</u> supra, which declared that attorneys could not be sanctioned as vexatious litigants, because they are merely appearing on behalf of a client.  Plaintiff Nina Ringgold will be able to continue her law practices

as she sees fit, but she will be unable to raise her own claims or that of her son, Justin Lockhart-Ringgold [sic] to the extent that they relate to the Aubry Revocable Family Trust or the administration of state courts or probate courts."(ER Vol. 1.8:10–16).

This court also has jurisdiction of the appeal of the final December 6, 2011 order pursuant to 28 U.S.C. § 1291 and as to all earlier non-final orders and rulings which produced the order.

Additionally this court has jurisdiction under 28 U.S.C. § 2106 to vacate and reverse the order of the District Court. 28 U.S.C. § 2106, in pertinent part states, as follows:

> "The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

## III. CONSTITUTIONAL AND STATUTORY PROVISIONS INVOLVED

Pertinent constitutional provisions and statutory authorities are set forth verbatim in the addendum attached to this brief. (Circuit Rule 28–2.7)

## IV. STATEMENT OF THE ISSUES

A. Whether the District Court had jurisdiction to enter the December 6, 2011 order after the November 8, 2011 appeal was filed.

B.    Whether the District Court's sua sponte dismissal orders conform with the substantive law and adversely impact appellants' right to due process.

C.    Whether the District Court abused its discretion in imposing a pre-filing condition.

## V.    STATEMENT OF THE CASE

On April 6, 2011 plaintiffs filed a first amended complaint as a matter of right alleging the following causes of action:  (1) Violation of 42 U.S.C. § 1983, (2) Violation of Title 42 U.S.C. §§ 1982, 1985, (3) Declaratory and Injunctive Relief (under Title 28 U.S.C. § 2201-2202), (4) Violation of California Government Code § 11135 et seq., (5) Conversion, (6) Equitable Relief and Imposition of Constructive Trust, (7) Interference with Prospective Economic Advantage, (8) Abuse of Process, (9) Invasion of Privacy, (10) Intentional Infliction of Emotional Distress, and (11) Negligent Infliction of Emotional Distress.  (ER Vol. 4.2665-2708).  The complaint, in part makes both facial and as applied challenges to section 5 of Senate Bill SBX2 11 ("SBX2 11") and California Code of Civil Procedure § 391.7 as applied in the state appellate court in the first instance and to persons acting in a representative capacity.  (ER Vol. 12.2671 ¶12).

Respondents in the action, County of Los Angeles ("County"), Counsel County Andrea Sheridan Ordin ("Ordin"), Executive Officer of the Los Angeles Superior Court John A. Clarke ("Clarke"), Governor Jerry Brown ("Brown"), and Attorney General Kamala Harris ("Harris") filed motions to

dismiss. The District Court on granted these motions except as to Brown and Harris. (ER Vol 2.386–379, 2.385–390). As to respondents Brown and Harris, there was only a partial dismissal. The court entered an order dated September 12, 2011 from an August 22, 2011 hearing on the motion to dismiss of Brown and Harris. The order states:

> "…[T]he motion is granted with the exception of the prospective relief sought by plaintiffs in the first three causes of action….Under the foregoing circumstances, THE COURT THEREFORE ORDERS that plaintiffs' 1983 claim as to an injunction is the only claim that will go forward against the Defendants." (ER Vol. 2.377).

The motion to dismiss of Brown and Harris was based on Rule 12 (b)(1) on their claim of Eleventh Amendment immunity and based on Rule 12 (b)(6) on their claim that the complaint did not allege compliance with the Tort Claim Act on the cause of action under California Government Code § 11135[1]. (ER Vol. 2.377:4–11, Excerpts of Record for Appeal No. 11–56973 "ER[11–56973])" Vol.11.2269:22–2270:15).

On September 1, 2011 Brown and Harris filed an answer to the first amended complaint. (ER [11–56973] Vol. 6 . 1177–1192). Paragraph 28 of this answer admitted, as contended by appellants, that the case of <u>Ziegler v. Nickel</u>, 64

---

[1] Compare allegation of first amended complaint at ER Vol. 4.2671 ¶11 ("To the extent applicable, plaintiffs timely filed claims… under the California Government Claims Act.")

Cal.App.4th 545 (Cal. 1998) requires a trustee to appear in a legal proceeding by a licensed attorney.[2]

On November 4, 2011 the court denied appellants' ex parte application for temporary restraining order, protective order, and order to show cause re: preliminary injunction. (ER Vol. 3.394–397, 3.441–777).

On November 7, 2011 the court denied appellants' motions to vacate, for new trial and to alter or amend order or judgment, for reconsideration and relief thereon and for leave to amend as to County, Ordin, Brown, and Harris. (ER [11–56973[ Vol. 5.811–915].

On November 7, 2011 without allowing notice or opportunity for appellants to oppose, and disregarding the answer filed, the court sua sponte dismissed the remaining claims as to Brown and Harris. It also made a sua sponte tentative finding that appellants were vexatious litigants,

---

[2] Compare first amended complaint at ER Vo. 4.2676 "¶ 28 "A trustee acting in a representative capacity may only appear in a legal proceeding through an attorney. Zielger v. Nickel (1998) 64 Cal.App.4th 545" to Answer of Brown and Harris at ER [11–56973] Vol. 6.1183 "¶ 28 Answering Defendants deny each and every allegation contained in Paragraph 28 of the FAC on file in the action herein, except that Zielger v. Nickel (1998) 64 Cal.App.4th 545, the court affirmed the decision to direct appellant trustee to withdraw as attorney for appellant trustee and engage a licensed attorney to represent appellant trust. A trustee's duties in connection with his or her office do not include the right to present argument in propria persona in courts of the state. In such capacity the trustee would be representing interests of others and would be engaged in the unauthorized practice of law." .

without identification of any applicable case or cases.  It ordered plaintiffs to file opposition to this tentative finding and set a hearing date for December 5, 2011.  (ER Vol. 2.33, 2.384).

On December 6, 2011 the court entered an order entitled "Order Declaring Plaintiffs Nina Ringgold and Justin Ringgold-Lockhart to be Vexatious Litigants".  (ER Vol. 1.1–9, 1.16–23). No respondent presented any evidence or legal argument at or with respect to the December 5, 2011 hearing.

Appellants timely filed this appeal on December 27, 2011.  (ER Vol. 2.26–41).[3]

## VI.    STATEMENT OF FACTS

The underlying proceedings are the subject of a prior appeal.  Appeal No. 11–56973.  The first amended complaint, in part, included challenges to state statutes (section 5 of Senate Bill SBX2 11 "SBX2 11" and CCP § 391.7) asserted causes of action founded upon appellants' claim of systemic discriminatory conditions operating in the probate department, other departments, and auxiliary units of the Los Angeles Superior Court of the County of Los Angeles.

---

[3] There is a prior appeal arising from this case.  Appeal No. 11–56973.  This appeal, in part, includes an order dated December 6, 2006 order denying appellants' post judgment motions as to the County, Ordin, Brown, and Harris and the court's sua sponte dismissal of the remaining claims under 42 U.S.C. § 1983 as to Brown and Harris.  See December 20, 2011 Amended Notice of Appeal in Appeal No. 11–56973. (ER Vol. 2.52–56).

As to section 5 of SBX2 11 appellants contend that California Constitution Article VI §17 prohibits judges of the courts of record from accepting public employment and office.  They contend that section 5 of SBX2 11 unconstitutionally provides retroactive immunity for civil liability, disciplinary action or other prosecution when an unconstitutional condition exists in the Los Angeles Superior Court for the County of Los Angeles was made evident after publication of the decision of <u>Sturgeon v. County of Los Angeles</u>, 167 Cal.App.4th 630 (Cal. 2008).  Appellants contend the retroactive immunity provision does not apply to existing claims or to claims arising under the United States Constitution and federal law.  They contend that section 5 of SBX2 11 attempts to revise or amend the California Constitution without use of the required procedures.  (ER Vol. 4.2671–2676).

As to CCP § 391.7 appellant's contend that without the mandatorily required statutory due process motion the statute has been applied in the state appellate court in the first instance to persons acting in a representative capacity as a method of viewpoint discrimination and as a method to prevent appellate review of federal claims arising from the probate department where there have been substantial grievances by the public. (ER Vol. 4.2676–2683).[4]  They contend that in probate proceedings, such in most cases,

---

[4] Los Angeles Times investigative series Guardians for Profit, November 13–16, 2005, December 21, 2005

persons must appear in a representative capacity and that such persons are not appearing in propria persona. (i.e. attorneys, trustees, guardians, conservators, executors). They contended that CCP 397.1 is an additional remedy which only applies after the statutory due process has taken place in the state trial court under the statutory procedure. This mandatory statutory mandate due process procedure allows appellate review of a vexatious litigant determination and places the burden of proof on a moving defendant. Appellants also contend that the California Constitution does not allow a single justice to render a determination of whether an appeal has merit when no statutory due process motion has taken place in the trial court because two qualified justices are required to render a decision on the merits. (ER Vol. 4.2676–2679).

The complaint alleges that through non-appealable orders private inter vivos trusts are being liquidated without notice and by persons acting without bond through artificially created "de facto administration of decedent estate procedures". It alleges that target persons are deemed "vexatious" when the mandatory statutory due process motion has not been filed and they are not appearing propria persona. It alleges that the procedures are a method to allow perpetual depletion of trust assets and to facilitate payment of attorney fees higher than the statutory limit allowed by law. It alleges that the CCP § 391.7 is being applied to targeted persons in violation of the First Amendment and as a penalty

and form of viewpoint discrimination.  (ER Vol.  4 2676–2677 ¶27–30, 4.2683 ¶45, 2685 ¶54b-d, see also Vol. 3.486–488, 3.456–458).

Initially the District Court ordered that the constitutional challenges asserted against Brown and Harris would go forward as to prospective injunctive relief under 42 U.S.C. § 1983.  (ER Vol. 2.377). With various elements of appellants' constitutional challenge conceded by the answer filed by Brown and Harris appellants filed an ex parte application for temporary restraining order and protective order.  (ER Vo. 2.441–444).  By this time there had been discovery of prior opinions of the California Commission on Judicial Performance which were consistent with appellants' challenge to section 5 of SBX2 11 and the a decision rendered by the California Supreme Court , _Shalant v. Girard_, 51 Cal.4th 1164 (Cal. 2011), consistent with appellants' challenge to CCP § 397.1) (ER Vol. 3.547–559, 3.579–588).

On November 7, 2011 the court entered a sua sponte order dismissing the remaining claims as to Brown and Harris without notice or allow appellants to oppose.  It also entered a second sua sponte order tentatively finding appellants to be vexatious litigants. (ER Vol. 2.80).  On this same day it entered a sua sponte order denying the ex parte application for temporary restraining order and protective order.  (ER Vol. 2.76).

Having no advance notice that the court would be making sua sponte orders, although the court read from what

appeared to be a prepared statement, appellants counsel could not obtain written decision or transcript and the court would not allow counsel to ask any question. The November 7, 2011 minute order of the proceedings only referred to the transcript. Neither the court's oral statement or the minute order provided a list of cases which formed the basis of the entry of the November 7, 2011 minute order. (ER Vol. 2.270:18–274:6, 340:21–341:2, 353).

Appellants filed a response to the November 7, 2011 minute order and appeared at the December 5, 2011 hearing. Appellant Lockhart submitted a declaration specifying that he had not filed any litigation in propria persona in the United States in the in the past seven years. Appellant Ringgold also explained that she was counsel of record and has not filed litigation in propria persona in the past seven years. (ER Vol. 1. 17–23, 1.87–94, Vol.2.286–360).

On November 8, 2011 appellants filed an appeal which, in part, was an appeal from the November 7, 2011 minute order. (ER Vol. 2361–390).

The court entered a December 6, 2011 order determining appellants to be vexatious litigants. (ER Vol. 1.95–103). On December 27, 2011 appellants filed an appeal from this order. (ER Vol. 2.26–41)

## VII. SUMMARY OF ARGUMENT

The multiple entry of sua sponte orders do not conform with the law or essential due process and the method of forming the vexatious litigant determination violates the First

Amendment and is not consistent with the standard set forth in <u>De Long</u> supra.  Also, when appellants filed their November 8, 2011 order the District Court was divested of jurisdiction. (ER Vol. 2.273:25, 2.384).

Also, The Court abused its discretion in imposing a vexatious litigant order on Ringgold she is appearing as the sole living trustee named in the trust instrument and in such capacity she must appear through her law office.  Also, the court abused its discretion in imposing vexatious litigant status on Lockhart who has never filed any case in any court in his lifetime in propria persona.

## VIII.  STANDARD OF REVIEW

When the District Court has determined it lacks subject matter jurisdiction it is powerless to reach the merits based on Article III of the Constitution and it must dismiss without prejudice.  <u>Adarand Constructors, Inc. v. Mineta</u>, 534 U.S. 103, 110 (2001), <u>Fleck and Associates, Inc. v. Phoenix, City of, an Arizona Municipal Corporation</u>, 471 F.3d 1100 (9th Cir. 2006), <u>Brereton v. Bountiful City Corp.</u>, 434 F.3d 1213, 1216–20 (10th Cir. 2006).   A dismissal based on lack of subject matter jurisdiction (including based on insubstantiality) is without prejudice and such dismissal has no res judicata effect.  <u>Clark v. Bear Stearns & Co., Inc.</u>, 966 F. 2d 1318, 1321 (9th Cir. 1992), <u>Arbaugh v. Y & H Corp.</u> 546 U.S. 500, 514–515 (2006);  <u>Cook v. Peter Kiewit Sons Co</u>., 775 F.2d 1030, 1035 (9th Cir. 1985), <u>Brereton</u> at 1219.

Once a proper appeal has been filed the District Court is divested of jurisdiction over the matters appealed and it only maintains jurisdiction as necessary to preserve the status quo.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), Natural Resources Defense Council, Inc. v. Southwest Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001).

An injunction preventing litigation of claims or restricts access to the court by a pre-filing condition is an extraordinary remedy that should be narrowly tailored and rarely used.  Moy supra at 470, In re Powell, 851 F.2d 427, 431 (D.C. Cir. 1988).(such orders should "remain very much the exception to the general rule of free access to the courts").  Such orders are reviewed under an abuse of discretion standard.  Moy. at 469, De Long supra at 1146 , Cook at 1034.   "A district court abuses its discretion if its decision is based on an erroneous conclusion of law or if the record contains no evidence on which it rationally could have based its decision." Paul, Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 270 (9th Cir.1989).

An order which imposes pre-filing restrictions must satisfy particular requirements, such as: (1) the record must show a fair opportunity to oppose record for review, including a listing of all cases and motions that led to the injunction, (3) the District Court must make a substantive finding as to the frivolous or harassing nature of the numerous cases from the listing of cases; and (4) The district Court's order must not be overly broad.  De Long at 1145.

## IX. LEGAL ARGUMENT

## A.    Procedural Issues

**1.    The District Court Lacked Jurisdiction To Consider Matters At Issue In The Appeal Filed On November 8, 2010**

The November 8, 2011 appeal divested the District Court of jurisdiction over the matters appealed.  <u>Griggs</u> supra at 58.  ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal").  The District Court only maintained residual jurisdiction as necessary to preserve the status quo.  <u>Natural Resources</u> supra at 1166.  The November 8, 2011 appeal was an effective appeal as to the challenges to CCP § 391.7 and the District Court was divested of aspects of the case related to those issues.

The District Court's entry of the November 7, 2011 order without giving appellants' notice of a list of cases did not function to extend the court's jurisdiction after the November 8, 2011 appeal was filed.  Title 28 U.S.C. § 1651 provides jurisdiction to aid in the district court's jurisdiction, however, once jurisdiction was divested and control over the issues in the appeal resided in the Court of Appeal there was nothing before the District Court or any jurisdiction to be "aided".

The transcript from November 7, 2011 indicates that Judge Real stated:  "This Court has compiled an adequate

record of review, which includes all of the complaints and motions filed in this court, as well as the various appeals and writs of certiorari sought by plaintiffs. This Court can also include a number of state court decisions that ultimately led to Plaintiff Ringgold being declared a vexatious litigant by this Court." (ER 2.271:24–272:5). If such a list had been compiled it was never provided to the appellant Ringgold who has not filed actions in propria persona during the prior seven year period and it couldn't have anything to do with appellant Lockhart since he had never filed any litigation in any court in propria persona in his lifetime. (ER Vol. 1.19:12–21:24, Vol. 2.296:4–296:28, 2.297:27–298:1, 2.303:10–304:14, 2.333–334, 337 ¶2, 2.340:6–341:2). The subsequent December 6, 2011 order makes references to extensive histories of litigation, extensive state court litigation, and other matters which are not identified.

Rather than maintain the status quo, when there was no opposition to appellants' motion for temporary restraining order and protective order and no motion by Brown and Harris to dismiss the remaining claims for injunctive relief under 42 U.S.C § 1983, the court impaired the status quo during pendency of the appeal by taking an advocate's pose

**2.  The District Court's November 7, 2011 Sua Sponte Order Dismissing All Claims Under 42 U.S.C. § 1983 And Its November 7, 2011 Sua Sponte Order On Vexatious Litigant Status Do Not Conform With The Substantive Law And Deprived Appellants Of Essential Due Process**

In Appeal No. 11–56973 appellants argue that the District Court improperly dismissed the remaining claims against Brown and Harris for injunctive relief under 42 U.S.C. § 1982. A de novo standard of review applies to a sua sponte dismissal of a complaint after an answer is filed. <u>Maderazo v. Labore</u>, 258 Fed. Appx. 108 (9th Cir. 2007), <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 683, fn 7 (9th Cir. 2001). The sua sponte dismissal was entirely based on arguments raised by Judge Real without notice, a motion being filed, or a reasonable opportunity to contest. Even if there had been an opportunity to contest the District Court was required to proceed as if it were ruling on a motion for judgment on the pleadings under Rule 12 (c) or Rule (h) thereby accepting all allegations of the first amended complaint as true and all allegations of the answer in contradiction to the first amended complaint as false. <u>MacDonald v. Grace Church Seattle</u>, 457 F.3d 1079, 1081 (9th Cir. 2006). Therefore, at November 7, 2011 hearing, by erroneously entering a sua sponte order dismissing the facial and as applied constitutional challenges to CCP § 391.7 without allowing a response by appellants or proceeding by motion for judgment on the pleadings, combined with a sua sponte tentative finding of vexatious litigant status without a list of cases or notice and opportunity to be heard, appellants were not provided with reasonable due process as to the December 6, 2011 order or their constitutional challenge to CCP § 391.7.

**3. The Vexatious Litigant Doctrine Does Not Apply To Persons Who Are Not Appearing In A Court Proceeding In Propria Persona Or To Attorneys Of Record, Therefore There Is No Basis For The November 7, 2011 Or The December 6, 2011 Orders**

This Circuit in <u>Weissman</u> supra at 1194 held that the vexatious litigant doctrine was never intended to control attorney conduct.

> "District courts have the inherent power to file restrictive pre–filing orders against vexatious litigants with abusive and lengthy histories of litigation. …. Such pre–filing orders may enjoin the litigant from filing further actions or papers unless he or she first meets certain requirements, such as obtaining leave of the court or filing declarations that support the merits of the case…..“A vexatious litigant order imposed against a pro se litigant, however, is distinguishable from an order that limits an attorney's right to file pleadings on behalf of a client, i.e., to practice his or her profession. ¶ Insofar as our research has uncovered, no court in this circuit has ever imposed a vexatious litigant order on an attorney. We do not believe that the vexatious litigant doctrine was ever intended to control attorney conduct and we do not propose to approve its application in this case as a means of controlling attorney conduct. For example, the California vexatious litigant statute limits the definition of a "vexatious litigant" to one who acts "in propria persona." Cal.Civ.Proc.Code § 391.7. Similarly, the only district court in this circuit to have adopted a vexatious litigant rule provides that the court may 'proceed by reference to the Vexatious Litigants statute of the State of California, Cal.Code Civ. Proc. §§ 391 –391.7.' Cent. Dist. of Calif. Local R. 27A.4. We therefore conclude that an attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant;

by definition, he or she is acting as an attorney and not as a litigant." <u>Id.</u> at 1197.

The case in the District Court was filed by appellant Ringgold as counsel of record for appellant Lockhart and in her capacity as the sole living trustee who is named in the trust instrument and confirmed by a final unchallenged order governed under the doctrine of res judicata. (ER Vol. 1.19:12–21:24, Vol. 2.333–335, 2.337–338 ¶3, 2.339–340 ¶6 & 7, 2.341–342 ¶13, 2.345–351). As trustee named in the trust instrument, Ringgold must appear through her law office. See <u>Ziegler</u> supra. As such, the November 7, 2011 and December 6, 2011 orders are not consistent with the law set forth by this Circuit. See also <u>Shalant</u> at 1176 in response to a more expansive rule ("The Legislature's express distinction between litigation filed in propria persona and that filed through an attorney… is not an absurd one that could not have been intended…[W]e have no warrant to ignore section 391.7's unambiguous language in favor of such a rule, <u>Natural Case Anti–Trust Cases I, II, II & VI</u>, 137 Cal.App.4th 387, 397 (Cal. 2006) (CCP §391.7 does not apply to person acting as counsel of record).[5]

The December 6, 2011 order specifies that appellant Ringgold's client, appellant Ringgold–Lockhar must obtain pre-filing approval if he is represented by the Law Office of

---

[5] On May 1, 2011 the California Legislature rejected efforts to expand California Vexatious Litigant Statute to include attorneys. (California Senate Bill 603 ).

Nina Ringgold if the case relates to Aubry Family Trust or administration of state courts or probate courts.  (ER 1.8). There is no indication in the record that Lockhart has filed numerous cases in propria persona or when represented by counsel.  There is no indication why Lockhart would be prohibited from representation by counsel of his choice in consistent with his financial means. The District Court record solely consists of a single case filed in the District Court which was dismissed for lack of subject matter jurisdiction and in this case he was represented by counsel.  Because the record or review does not justify imposition of a pre-filing condition in the federal court or identify cases at issue in the state court, this supports appellants view that the District Court was acting beyond its jurisdiction by attempting to address issues involved in the pending appeal and abused its discretion.

Appellants' constitutional challenges directly relates to their claims of discrimination under 42 U.S.C. § 1982.

In their response to Judge Real's November 7, 2011 order appellants argued:

> 42 U.S.C. § 1982 expresses an intent to abrogate the states' sovereign immunity. Unequivocally this statute is framed as an unqualified guarantee of racial equality in the right to inherit property.  Since the right to inherit necessarily involves proceedings arising in the state court probate departments and the statute is grounded in the Thirteenth Amendment there does not exist the similar limitations or deference to the state court proceedings as with  Section 1983…..

Section 1982 expressly deals with the right to inherit as an essential civil right required by former slaves and their heirs to achieve economic mobility. Therefore, when the qualified trustees and decedents of slaves of the Aubry Family Trust are barred access to possession of the trust corpus (1) by artificial and discriminatory qualification rules, (2) by forced liquidation of the trust corpus through implementation of "de facto administration of decedent estate procedures" without notice to heirs or admission of a will into probate, and (3) by limitation of access to the court by their designated and qualified trustees, plaintiffs contend that injunctive relief and damages for injuries caused by these forms of discrimination are covered by Section 1982. ¶The reoccurring petitions filed in the state court have primarily been initiated by litigation of Myer Sankary ("Sankary") who was appointed under the 'qualification rule' that a trustee of a private inter vivos trust had to be a lawyer or retired judge whom the judge knew....¶ The trustees, heirs, and beneficiaries have a statutory right to object to the reoccurring petitions of Sankary. Filing a statutory objection does not turn the objecting heirs into "plaintiffs". Failure to object to a trustee's petition or account results in a waiver of the objection. Filing a defensive appeal does not fall into the rubric of the CCP § 391.7. See Mahdavi v. Superior Court, 166 Cal.App.4th 32 (Cal. 2008)...." (ER Vol. 2.299–300).

There is no indication that appellant Lockhart functioned as a surrogate or puppet because he has independent and vested interests (like all beneficiaries in his class) which are specified in the trust instrument. In order for Lockhart to obtain access to his inheritance depends on the exercise of the power of appointment and discretion in the trustees named in the trust instrument (a constitutionally protected

property right).  (ER Vol. 3.487–488 ¶19, 4.2677 31, 4.2680–2684 ¶40 -46).  The vexatious litigant doctrine does not apply to attorneys and it cannot be used to interfere with the client's choice of counsel.

**B.    Appellant's Constitutional Challenge To California Code Of Civil Procedure § 391.7 Is In Part Based On The First Amendment And Claims Of Viewpoint Discrimination And The District Court's Method Of Entry Of The November 7, 2011 And December 6, 2011 Orders Is Violates The Same Constitutional Rights**

Appellants are not blind to the fact that their constitutional challenge to section 5 of SBX2 11 and CCP § 391.7 applied in the first instance in the state appellate court is controversial.  However, upholding constitutional principles or seeking institutional reform of discriminatory customs and policies does not proceed without controversy.  It is precisely why appellants' claims under the First Amendment are justified.  In <u>Molski v. Evergreen Dynasty Corp.</u>, 521 F.3d 1215 (9th Cir. 2008), this court highlighted that the First Amendment right to petition the Government for redress of grievances including the right to file lawsuits is "one of the most precious of liberties safeguarded by the Bill of Rights. <u>Id</u>. at 1216 citing <u>BE & K Constr. Co. v. NLRB</u>, 536 U.S. 516, 524.  This court also held a vexatious litigant determination implicates First Amendment interest in access to the courts.  Also, this court held that where an individual's use of the courts is declared abusive or baseless, the threat of

reputational harm is alone sufficient to trigger First Amendment concerns.  Id. at 1216.

Recently in Moss v. U.S Secret Service, 675 F.3d 1213, 1223 (9th Cir. 2012) this court held that the government may not regulate speech based on the perspective of the speaker or favor speakers on one side of a public debate.  The complaint alleges penalties for asserting rights under the First Amendment, viewpoint discrimination, and use of CCP § 391.7 to bar review of federal constitutional claims.[6] Appellants' claim that a segment of targeted persons are not afforded the mandatory statutory due process procedure specified in CCP § 391.1–391.6.  They also claim that the vexatious litigant determination is implemented in the first instance in the state appellate court as a method to prohibit those targeted persons who are filing grievances in the state probate court from seeking review of federal constitutional claims and of the statutory right of appellate review of the vexatious litigant determination.  (ER 3.467–468).  Therefore, although the statute may be neutral on its face, there is viewpoint discrimination when particular views taken by speakers on a particular subject  are targeted (i.e. grievances or claims for institutional reform in the administration of state courts or probate courts).  See Moss at 1223–1224.

Interference with the basic right of access of the court cannot issue solely on a claim of litigiousness.  In re Oliver,

---

[6] See ER Vol. 4.2679–80 ¶37, 2683–4 ¶46, 2685–86 ¶53–54, 2687 ¶55 c & e, 2687 ¶56, 2688 ¶ 59, 2690 ¶67

682 F.2d 443, 446 (3rd Cir. 1982).  The November 7, 2011 sua sponte dismissal order, November 7, 2011 and December 6, 2011 order on vexatious litigant status, and the method of addressing the state court litigation without giving appellants' reasonable notice or opportunity to respond or identification of cases, perpetuates discrimination based on viewpoint and is intended to have a chilling effect.   Moreover, the December 6, 2011 order limits subject matter concerning general subject matter (i.e. federal claims where the subject matter is the administration of state courts or probate courts).

**C.    Under This Circuit's Decision In De Long v. Hennessey The December 6, 2011 Order Is A Clear Abuse of Discretion.**

**1.    The Record Does Not Show A Fair Opportunity To Oppose The Order Before It Was Entered.**

Due process requires fair notice and opportunity to be heard.  It essentially requires that the procedures be fair.  <u>In re Murchison</u>, 349 U.S. 133, 136 (1955).  The process that is due varies according to the nature of the right and to the type of proceedings. <u>Mathews v. Eldridge</u>, 424 U.S. 319, 334, (1976). Appellants contend they were given inadequate notice and inadequate opportunity to be heard.  In satisfying the first factor of <u>De Long</u> the December 6, 2011 order states that appellants were given fair notice that they were at risk of being declared vexatious litigants through a warning made at hearings on September 19, 2011 and November 7, 2011.   It also states that that appellants were given an opportunity to

be heard, that appellants submitted a brief opposing the order, and that they appeared at the hearing on December 5, 2011.  (ER Vol. 1.3).

De Long requires notice and an opportunity to oppose the order before it is entered.  De Long at 1147.  The court entered an order an order on November 7, 2011 stating "[t]he court tentatively finds plaintiffs to be vexatious litigants, for the reasons stated on the record."  (ER Vol. 2.80).  Appellants were not provided with prior notice of the basis of the finding or an opportunity to oppose the tentative finding before it was entered.  Appellants filed an appeal the following day.  Although there was no motion or order to show cause before the court on November 7, 2011 the court read a statement and no record or order was available to obtain detail of the basis of the court's order.  (ER Vol. 2.297:27–298:1, 302:9–304:14, 340:3–341:2).  The court refused to allow counsel to ask any question, obtain clarification at the hearing,  inquire how to obtain the court's ruling, and confirmed there has been an order of the court subject to appellate review.

**Ms. Ringgold:**  Your Honor, can I have a couple of clarifying points?

**The Court:**  No. Clarifying doesn't clarify anything.  I've ordered it.  A court of appeals can clarify it if they feel it's not clear.  I believe it is.

**Ms. Ringgold:**  My question was---

**The Court:**  That's vexatious litigation, Counsel.

Ms. Ringgold:  I'm sorry, Your Honor.

**The Court:**  That's your problem.  That's your problem.

(ER Vol. 2.273:17–274:6)

What the December 6, 2011 order refers to as a warning on September 19, 2011 was not any warning directed to appellant Lockhart and did not provide any grounds of for a pre-filing condition.  (ER Vol.2.282:23–283:2).  The September 19, 2011 hearing involved respondent Clarke's motion to dismiss.  The order granting Clarke's motion to dismiss states that the claims as to this respondent were dismissed for lack of subject matter jurisdiction.  A dismissal for lack of subject matter jurisdiction is not an adjudication on the merits.  There is nothing in the resulting order which specifies that the claims filed against this respondent were frivolous.  (ER 2.83–86).  A dismissal order based on lack of subject matter jurisdiction under Rule 12 (b)(1) does not function as an adjudication on the merits.  <u>Adarand</u> supra at 110.  The order dismissing the claims as to Clarke is in error on its face because it erroneous specifies that appellants sued Clarke in his capacity as court clerk.  There was no re-litigation of any issue pertaining to Clarke.  (ER Vol. 1:24–26, 1.85:22–25, Vol. 2.305:18–307:10).  Also, many of the claims pertaining to Clarke had not even occurred at the point of the dismissal order in Ringgold-Lockhart et al. v. Sankary et al (CV 09–09215).  (i.e. disability discrimination claims which

did not arise until the medical emergency arose in September 10, 2010 and after this case was dismissed for lack of subject matter jurisdiction. (ER Vol. 2.338 ¶4, 3.458:13–22, 468:19–469:21, 483:23–486:11).

The appellants were not provided with fair, reasonable, or adequate notice of the basis of the order or a list of cases which formed the basis of the order before entry of either the November 7, 2011 or December 6, 2011 order.  The list of cases was only provided as an attachment to the December 6, 2011 order. The December 6, 2011 order lists Ringgold–Lockhart et al. v. Sankary et al (CV 09–09215) and in this case there is no final order pertaining to Clarke and all the dismissal orders which were entered were based on lack of subject matter jurisdiction.  The December 6, 2011 order also lists Ringgold–Lockhart et al v. County of Los Angeles (CV 11–1725) which dismissed claims as to Clarke for lack of subject matter jurisdiction.

**2.    The District Court Did Not Create An Adequate Record For Review, Including A Listing Of All Cases And Motions, That Led To The Injunction**

Under the second <u>De Long</u> factor the District Court failed to provide a listing of cases or an adequate record for review demonstrating that filings of appellant were numerous or abusive.

> "An adequate record for review should include a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed.  Here, the district court's record fails to set forth in any form the filing of cases and motions that support the conclusion that De Long's

filings are so numerous or abusive that they should be enjoined." <u>De Long</u> at 1147–48.

The December 6, 2011 order sets forth the following filings. (ER Vol. 1.9)

**Ringgold-Lockhart et al. v. Sankary et al (CV 09-09215)**

| 1 | Complaint–12/15/09 | There is no indication that the complaint is frivolous, intended to harass, or abusing the judicial system |
|---|---|---|
| 2 | First Amended Complaint–04/5/10 | There is no indication that filing an amended complaint as a matter of right (prior to service) is frivolous, intended to harass, or abusing the judicial system particularly in light of the fact that the prior dismissal orders in CV–09–09215 were based on lack of subject matter and the present action does not involve the same issues |
| 3 | Plaintiffs' Ex Parte Application For Temporary Restraining Order, Lis Pendens Order, Protective Order (Including To Preserve Evidence) And For Order To Show Cause Re: Preliminary Injunction –7/9/10 (Dkt 72), Denied | There is no indication that the ex parte application was frivolous, intended to harass, or abusing the judicial system |
| 4 | Ex Parte Application to Stay Pending Appeal 7/24/10 (Dkt 91) , Denied | There is no indication that the ex parte application  filed for stay following filing a notice of appeal from denial of a preliminary injunction was frivolous, intended to harass, or abusing the judicial system |
| 5 | Motion to Vacate, for New Trial and to Alter or Amend, or Relief from Judgment 9/20/10 (Dkt 108–112) , Denied | There is no indication that the motion was frivolous, intended to harass, or abusing the judicial system |

| | | |
|---|---|---|
| 6 | Ex Parte Application for Accommodation– 9//22/10 (Dkt 114–116, 119, 121), Granted | There is no indication that filing a request for accommodation for disability after a medical emergency in September 2010 and was granted, was frivolous, intended to harass, or abusing the judicial system |
| 7 | Ex Parte Application to Stay Pending Review of Writ of Mandamus–1/1/11 (Dkt 140) , Denied | There is no indication that the ex parte application was frivolous, intended to harass, or abusing the judicial system |
| 8 | Motion for Relief from August 23, 2010 Judgments 8/23/11 (Dkt 156–158) , Denied | There is no indication that the motion was frivolous, intended to harass, or abusing the judicial system based on new evidence of the opinions of the California Commission on Judicial Performance and change in controlling law by decision of the California Supreme Court |
| 9 | Motion to Vacate – 10/24/11, | Not Applicable. No motion was filed by plaintiffs on this day.  On November 11/1/1 plaintiff filed replies to oppositions to motion to vacate.  (Dkt. 165–166) |

## Ringgold–Lockhart et al. v. County of Los Angeles et al (CV 11-1725)

| | | |
|---|---|---|
| 10 | Complaint–2/28/11 (Dkt 1) | There is no indication that the complaint is frivolous, intended to harass, or abusing the judicial system particularly in light of the fact that the prior dismissal orders in CV–09–09215 were based on lack of subject matter and the present action does not involve the same issues |

| | | |
|---|---|---|
| 11 | First Amended Complaint– 4/6/11 (Dkt 12) | There is no indication that filing an amended complaint as a matter of right (prior to service) is frivolous, intended to harass, or abusing the judicial system particularly in light of the fact that the prior dismissal orders in CV–09–09215 were based on lack of subject matter and the present action does not involve the same issues |
| 12 | Plaintiffs' Ex Parte Application For Order To Modify Briefing Schedule Or Modify And Coordinate Briefing Schedule And For Accommodation For Disability– 6/24/11 (Dkt 23, 24, 27, 36, 42) , Denied | There is no indication that requesting a modified and coordinated briefing schedule and accommodation for disability is frivolous, intended to harass, or abusing the judicial system |
| 13 | Stipulation between Brown, Harris, and appellants re filing second amended complaint and response thereto, and for coordinated briefing schedule– 7/1/11 (Dkt 43) , Denied | The request for stipulation was initiated by Brown and Harris and there is no indication that seeking approval of a stipulation is frivolous, intended to harass, or abusing the judicial system |
| 14 | Plaintiffs' Ex Parte Application Re: Request For Accommodation For Physical Disability, Relief Pursuant To FRCP 6 (B) And For Reconsideration Of Request For Coordination Of Briefing Hearing Schedule, Denied 7/9/11 (Dkt 46, 48, 51, 53, 54) | There is no indication that requesting a modified and coordinated briefing schedule and accommodation for disability is frivolous, intended to harass, or abusing the judicial system |
| 15 | Ex Parte Application for Reconsideration 7/9/11, Denied | Same as item 14 above |
| 16 | Plaintiff's Notice Of Motion And Motion For Reconsideration of  July 18/2011 Ruling [County/ Ordin]–8/20/11(Dkt 66), Denied | This was a motion for reconsideration before entry of  a final order on August 19, 2011 and there is no indication that the motion was frivolous intended to harass, or abusing the judicial system |

| 17 | Plaintiffs' Notice Of Motion And Motion To Vacate The August 19, 2011 Order Or Judgment, For New Trial And To Alter, Or Amend The Order Or Judgment, For Reconsideration, And Relief Therefrom[County/Ordin] –9/11/11 (Dkt 85), Denied | There is no indication that the motion was frivolous, intended to harass, or abusing the judicial system |
|---|---|---|
| 18 | Plaintiffs' Notice Of Motion And Motion To Vacate The August 19, 2011 Order Or Judgment, For New Trial And To Alter, Or Amend The Order Or Judgment, For Reconsideration, And Relief Therefrom[Brown/Harris] -- 10/10/11 (Dkt 88), Denied | There is no indication that the motion was frivolous, intended to harass, or abusing the judicial system |
| 19 | Plaintiffs' Ex Parte Application for Temporary Restraining Order, Protective Order, and Order to Show Cause re Preliminary Injunction– 11//4/11 (Dkt 95) , Denied | There is no indication that the ex parte application, which was unopposed, was frivolous, intended to harass, or abusing the judicial system |
| 20 | Plaintiffs' Ex Parte Application for Stay and Injunction Pending Appeal –11/11/11 (Dkt 108), Denied | There is no indication that the ex parte application requesting a stay pending appeal [filed November 8, 2011] was frivolous, intended to harass, or abusing the judicial system |
| 21 | Plaintiffs' Response to November 7, 2011minute order –11/21/11 & 11//22/11 (Dkt 111, 112) | Not Applicable. There is no indication that the response filed in accord with the district court's order was frivolous, intended to harass, or abusing the judicial system |

In sum, the District Court's record for review consists of two cases (including the current case). The filings were not "numerous or abusive" or "inordinate" to warrant a "vexatious litigant" order. De Long at 1147–48 (i.e. 35 related complaints, more than 50 cases, or more than 600

complaints). Nor does the filings reflect a pattern of harassment).

The December 6, 2011 order does not provide a record supporting the statements therein. ("Plaintiffs litigation history is extensive, the litigation has also consisted of numerous baseless motions). The fact that a motion was "denied" does not mean it was baseless. The District Court lists a motion which it granted motions requesting an accommodation for disability, and the responses required by court order as "baseless". Close review shows that of the two cases above, there were six motions denied in the first case and seven motions denied in the case now pending in this court. There is nothing extraordinary in the number and the motions were consistent with the nature of the case.

Finally the December 6, 2011 order states that "Plaintiff Nina Ringgold has already been deemed a vexatious litigant by the Superior Court of Los Angeles, a ruling that was affirmed by the California Court of appeal." (ER Vol. 1.5:12-16). There has never been a determination in the Superior Court of Los Angeles that appellant Ringgold was a vexatious litigant which was affirmed on appeal. This is precisely a component of the constitutional challenge asserted by appellants. Ringgold appeared in the proceedings through legal representation as required by law, there was no mandatory statutory due process motion filed under CCP § 391.1-391.6, and there was no right of appellate review. Therefore, for target persons where CCP § 391.7 is

applied without a statutory due process motion and in the first instance in the state appellate court, unlike the class of persons afforded the statutory procedure, there is not a statutory right of appellate review to challenge the determination.  (See ER Vol. 4.2677–2679 ¶32–35, 4.2683–2684 ¶46, 4.2687 ¶56).

**3.    The District Court Failed To Make Substantive Findings As To The Frivolous Or Harassing Nature Of Numerous Actions**

Under the third <u>De Long</u> factor the court is required to make substantive findings that the cases filed are frivolous or constitute an intent to harass.  Must make substantive findings as to the frivolous or harassing nature of the litigants actions.  "…[B]efore a district court issues a pre–filing injunction against a pro se litigant, it is incumbent on the court to make 'substantive findings as to the frivolous or harassing nature of the litigant's actions.'" <u>De Long</u> at 1148. As set forth above the District Court did not set forth numerous cases filed by appellants.

The December 6, 2011 order states that "plaintiffs have brought numerous cases, in both the federal and state court, in the past seven years, all of which were adversely decided", but the record indicates two federal cases.  It states that "plaintiff have repeatedly attempted to re–litigate the validity of past decision", but the record shows only Ringgold–Lockhart et al. v. Sankary et al (CV 09–09215) which was dismissed for lack of subject matter jurisdiction and was not an adjudication on the merits.  It states that the majority of

appellant's response to the November 7, 2011 minute order "exceeds the scope", however appellants were not provided with a list of cases.  It states that plaintiff Ringgold was removed as a "temporary trustee" "in 2005", when Ringgold has never been a temporary trustee, there has never been any petition seeking to remove her as trustee, and the unchallenged order of appointment is governed by the doctrine of res judicata.  It states that "plaintiffs fully and excessively litigated this determination in the state court for years", when the perpetual litigation is not by petitions initiated by appellants, but rather by the perpetual petitions initiated by a trustee which the court appointed through a nonappealable order which did not have the mandatory bonding requirement who has been filing repeatedly petitions liquidating the trust.  Finally, the December 6, 2011 order states that "having been barred from state court, plaintiffs brought their dispute to federal court".  However, appellants filed their claims in the federal court, not because they were barred, but rather because their federal constitutional claims had been dismissed without prejudice and were re-filed in the federal court.  (ER Vol. 1.6-7).

Although the District Court discusses various issues under the third De Long factor it never identifies any federal case or motion which was frivolous or harassing.  In fact in the Ringgold-Lockhart et al. v. Sankary et al (CV 09-09215) none of the orders entered indicated that the proceedings were frivolous or harassing.  The same is true for the

subsequent case now on appeal.  The December 6, 2011 order never identifies any state case or motion to which the standard can be logically and fairly applied.

### 4.    The District Court's Order Is Overbroad

As to the final <u>De Long</u> factor the District Court's December 6, 2011 order is vastly overbroad.  A overly  broad injunction blocks fee access to the court and leave a litigant without a reasonable method to gage compliance.  See <u>De Long</u> at 1148, <u>Schmidt v. Lessard</u>, 414 U.S. 473, 476, (1973). The December 6, 2011 order specifies that it is narrowly tailored to deal with wrongful behavior.  However, there is no identification of any wrongful behavior of any appellant.  The District Court never shows anything as to Lockhart, but that he retained an attorney and filed a case in the District Court. For much of the proceedings in the state court Lockhart was not even residing in the State of California and he was (like others in his class) is claiming a lack of constitutional notice of the proceedings that are divesting him of his inheritance.

The December 6, 2010 order does not only limit proceedings concerning the Aubry Family Trust, but also a broad categories such as anything that relates to "the administration of the state courts or probate courts". Although the court notes that under <u>Weissman </u>Ringgold should not be subjected to the order in her capacity as an attorney.  However, then the order prohibits Ringgold from representing her current client without a pre –filing requirement as to the Aubry Family Trust or administration of

the state courts or probate courts.  There was no finding that there is not exist a valid attorney–client relationship between Ringgold and client Lockhart, and without such finding the device of a pre–filing injunction order cannot to be used to single out clients of a law office particularly when there is nothing in the December 6, 2011 order which is specifically directed to conduct of Lockhart function in propria persona. Instead, he is subject to the limitation of access to the court based on his association with the Law Office of Nina Ringgold.

## X.    CONCLUSION

For the foregoing reasons appellants respectfully request that this court grant the relief sought by this appeal.

Dated:  June 29, 2012                LAW OFFICE OF NINA R. RINGGOLD

By:  s/ Nina R. Ringgold_____

Nina R. Ringgold, Esq.
Attorney for the Appellants

**STATEMENT OF RELATED CASES**
**(Circuit Rule 28-2.6)**

Appellants submit that the following cases are related pursuant to Circuit Rule 28-2.6 on the bases that the raise closely related issues.

Appeal Docket Number: 11-56973
United States District Court No.: CV11-01725 R (PLA)
Date Appeal Filed:  November 8, 2011 (Amended December 20, 2011).

Appeal Docket Number: 11-57247
United States District Court No.: CV09-09215 R (RC)
Date Appeal Filed: December 28, 2011

Dated:  June 29, 2012                    LAW OFFICE OF NINA R. RINGGOLD

                    By:  s/ Nina R. Ringgold_____
                                    Nina R. Ringgold, Esq.
                                     Attorney for the Appellants

# ADDENDUM TO BRIEF

This addendum has the following sections:

I.      Constitutional Authorities – Page 2

II.     Federal Statutory Authorities – Page 2–3

III.    Pertinent California Code Of Civil Procedure Provisions
        Regarding Vexatious Litigants – Page 3 to Page 11

## I. CONSTITUTIONAL AUTHORITIES

## UNITED STATES CONSTITUTION

The First Amendment to the United States Constitution provides, in pertinent part: "Congress shall make no law… abridging the freedom of speech, or of the press, the right of the people peaceably to assemble, and to petition the Government for redress of grievances."

The Fifth Amendment to the United States Constitution provides, in pertinent part: "No person shall…be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

The Fourteenth Amendment of the United States Constitution provides in pertinent part that "[n]o State shall… make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

## II. FEDERAL STAUTORY AUTHORITIES

## 28 U.S.C. § 1651

(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

(b) An alternative writ or rule nisi may be issued by a justice or judge of a court which has jurisdiction.

## 28 U.S.C. § 1291

The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court. The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title.

**28 U.S.C. § 2106**

"The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances."

**III.   PERTINENT CALIFORNIA CODE OF CIVIL PROCEDURE PROVISIONS REGARDING VEXATIOUS LITIGANTS**

**CALIFORNIA CODE OF CIVIL PROCEDURE
PART OF CIVIL ACTIONS
TITLE 3A VEXATIOUS LITIGANTS
SECTIONS 391–391.7**

**391.**  As used in this title, the following terms have the following
meanings:
   (a) "Litigation" means any civil action or proceeding, commenced,
maintained or pending in any state or federal court.
   (b) "Vexatious litigant" means a person who does any of the following:
   (1) In the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at

3

least five litigations other than in a small claims court that have been (i)
finally determined adversely to the person or (ii) unjustifiably permitted to remain pending at least two years without having been
brought to trial or hearing.

(2) After a litigation has been finally determined against the person, repeatedly relitigates or attempts to relitigate, in propria
persona, either (i) the validity of the determination against the same defendant or defendants as to whom the litigation was finally
determined or (ii) the cause of action, claim, controversy, or any of
the issues of fact or law, determined or concluded by the final determination against the same defendant or defendants as to whom the litigation was finally determined.

(3) In any litigation while acting in propria persona, repeatedly
files unmeritorious motions, pleadings, or other papers, conducts
unnecessary discovery, or engages in other tactics that are frivolous
or solely intended to cause unnecessary delay.

(4) Has previously been declared to be a vexatious litigant by any
state or federal court of record in any action or proceeding based
upon the same or substantially similar facts, transaction, or occurrence.

(c) "Security" means an undertaking to assure payment, to the
party for whose benefit the undertaking is required to be furnished,
of the party's reasonable expenses, including attorney's fees and not
limited to taxable costs, incurred in or in connection with a litigation instituted, caused to be instituted, or maintained or caused to be maintained by a vexatious litigant.

(d) "Plaintiff" means the person who commences, institutes or
maintains a litigation or causes it to be commenced, instituted or
maintained, including an attorney at law acting in propria persona.

(e) "Defendant" means a person (including corporation, association, partnership and firm or governmental entity) against
whom a litigation is brought or maintained or sought to be brought or maintained.

**391.1.** In any litigation pending in any court of this state, at any
time until final judgment is entered, a defendant may move the court, upon notice and hearing, for an order requiring the plaintiff
to furnish security. The motion must be based upon the ground, and
supported by a showing, that the plaintiff is a vexatious litigant and that there is not a reasonable probability that he will prevail
in the litigation against the moving defendant.

**391.2.** At the hearing upon such motion the court shall consider
such evidence, written or oral, by witnesses or affidavit, as may be
material to the ground of the motion. No determination made by the
court in determining or ruling upon the motion shall be or be deemed
to be a determination of any issue in the litigation or of the merits
thereof.

**391.3.** If, after hearing the evidence upon the motion, the court
determines that the plaintiff is a vexatious litigant and that there

is no reasonable probability that the plaintiff will prevail in the litigation against the moving defendant, the court shall order the plaintiff to furnish, for the benefit of the moving defendant, security in such amount and within such time as the court shall fix.

**391.4.** When security that has been ordered furnished is not furnished as ordered, the litigation shall be dismissed as to the defendant for whose benefit it was ordered furnished.

**391.6.** When a motion pursuant to Section 391.1 is filed prior to trial the litigation is stayed, and the moving defendant need not plead, until 10 days after the motion shall have been denied, or if granted, until 10 days after the required security has been furnished and the moving defendant given written notice thereof. When a motion pursuant to Section 391.1 is made at any time thereafter, the litigation shall be stayed for such period after the denial of the motion or the furnishing of the required security as the court shall determine.

**391.7.  [As in effect through July 1, 2011, See statutory provision as amended by Stats. 2011, c. 49 (S.B. 731), § 1) below]**

(a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding judge of the court where the

litigation is proposed to be filed. Disobedience of the order by a
vexatious litigant may be punished as a contempt of court.

(b) The presiding judge shall permit the filing of that litigation
only if it appears that the litigation has merit and has not been
filed for the purposes of harassment or delay. The presiding judge
may condition the filing of the litigation upon the furnishing of
security for the benefit of the defendants as provided in Section
391.3.

(c) The clerk may not file any litigation presented by a vexatious
litigant subject to a prefiling order unless the vexatious litigant
first obtains an order from the presiding judge permitting the
filing. If the clerk mistakenly files the litigation without the
order, any party may file with the clerk and serve on the plaintiff
and other parties a notice stating that the plaintiff is a vexatious
litigant subject to a prefiling order as set forth in subdivision
(a). The filing of the notice shall automatically stay the
litigation. The litigation shall be automatically dismissed unless
the plaintiff within 10 days of the filing of that notice obtains an
order from the presiding judge permitting the filing of the
litigation as set forth in subdivision (b). If the presiding judge
issues an order permitting the filing, the stay of the litigation
shall remain in effect, and the defendants need not plead, until 10
days after the defendants are served with a copy of the order.

(d) For purposes of this section, "litigation" includes any
petition, application, or motion other than a discovery motion, in a
proceeding under the Family Code or Probate Code, for any order.

(e) The clerk of the court shall provide the Judicial Council a

7

copy of any prefiling orders issued pursuant to subdivision (a). The
Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a
list of those persons to the clerks of the courts of this state.
Top of Form

| | | /w EPDw UJMTUxN |
|---|---|---|

**391.7. As Amended and 391.7 as added effective July 1, 2011**

CALIFORNIA 2011 LEGISLATIVE SERVICE
2011 Portion of 2011–2012 Regular Session

Additions are indicated by <mark>Text</mark>; deletions by
*\* \* \**.
Vetoes are indicated by ~~Text~~;
stricken material by <mark>~~Text~~</mark>.

CHAPTER 49
S.B. No. 731
JUDGES--ACTIONS AND PROCEEDINGS--ARBITRATION AND
AWARD

AN ACT to amend Sections 391.7, 1141.20, and 1141.23 of, and to add Section 391.8 to, the Code of Civil Procedure, relating to civil actions.

[Filed with Secretary of State July 1, 2011.]

LEGISLATIVE COUNSEL'S DIGEST

SB 731, Committee on Judiciary. Civil actions.

(1) Existing law permits a court, on its own motion or the motion of any party, to enter a prefiling order prohibiting a vexatious litigant from filing any new litigation in propria persona without first obtaining leave of the presiding judge of the court where the litigation is proposed to be filed. Existing law permits a presiding judge to allow a vexatious litigant's

filing only under specified circumstances, and permits the presiding judge to condition the filing upon the furnishing of security. Existing law prohibits a clerk of a court from filing any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order permitting the filing and provides a process for staying and dismissing litigation by a vexatious litigant if the clerk mistakenly accepts it.

This bill would extend the authority described above to a presiding justice or to the designee of a presiding justice or a presiding judge. The bill would also permit a vexatious litigant who is subject to a prefiling order to file an application to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants, as specified. The bill would prohibit a vexatious litigant whose application is denied from filing another application before 12 months has elapsed after the date of the denial. The bill would permit a court to vacate a prefiling order and order removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants upon a showing of a material change in the facts upon which the order was granted and finding that the ends of justice would be served by vacating the order.

(2) Existing law requires that specified civil cases be submitted to arbitration and that an arbitration award is final unless a request for a de novo trial is filed within 30 days after the date the arbitrator files the award with the court. Existing law requires that an arbitration award be filed in the court in which the action is pending, and if a request for a de novo trial is not made and the award is not vacated, the award be entered in the judgment book.

This bill would further condition the finality of an arbitration award, as described above, on a request for dismissal not having been made, and would extend the period for making a request for dismissal or for a de novo trial to 60 days after the date the arbitrator files the award.

The people of the State of California do enact as follows:

SECTION 1. Section 391.7 of the Code of Civil Procedure is amended to read:

<< CA CIV PRO § 391.7 >>

391.7. (a) In addition to any other relief provided in this title, the court may, on its own motion or the motion of any party, enter a prefiling order which prohibits a vexatious litigant from filing any new litigation in the courts of this state in propria persona without first obtaining leave of the presiding **justice or presiding** judge of the court where the litigation is proposed to be filed. Disobedience of the order by a vexatious litigant may be punished as a contempt of court.

(b) The presiding **justice or presiding** judge shall permit the filing of that litigation only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay. The presiding **justice or presiding** judge may condition the filing of the litigation upon the furnishing of security for the benefit of the defendants as provided in Section 391.3.

(c) The clerk may not file any litigation presented by a vexatious litigant subject to a prefiling order unless the vexatious litigant first obtains an order from the presiding **justice or presiding** judge permitting the filing. If the clerk mistakenly files the litigation without the order, any party may file with the clerk and serve**, or the presiding justice or presiding judge may direct the clerk to file and serve,** on the plaintiff and other parties a notice stating that the plaintiff is a vexatious litigant subject to a prefiling order as set forth in subdivision (a). The filing of the notice shall automatically stay the litigation. The litigation shall be automatically dismissed unless the plaintiff within 10 days of the filing of that notice obtains an order from the presiding **justice or presiding** judge permitting the filing of the litigation as set forth in subdivision (b). If the **presiding justice or** presiding judge issues an order permitting the filing, the stay of the litigation shall remain in effect, and the defendants need not plead, until 10 days after the defendants are served with a copy of the order.

(d) For purposes of this section, "litigation" includes any petition, application, or motion other than a discovery motion, in a proceeding under the Family Code or Probate Code, for any order.

**(e) The presiding justice or presiding judge of a court may designate a justice or judge of the same court to act on his or her behalf in exercising the authority and responsibilities provided under subdivisions (a) to (c), inclusive.**

**(f)** The clerk of the court shall provide the Judicial Council a copy of any prefiling orders issued pursuant to subdivision (a). The Judicial Council shall maintain a record of vexatious litigants subject to those prefiling orders and shall annually disseminate a list of those persons to the clerks of the courts of this state.

SEC. 2. Section 391.8 is added to the Code of Civil Procedure, to read:

<< CA ST § 391.8 >>

391.8. (a) A vexatious litigant subject to a prefiling order under Section 391.7 may file an application to vacate the prefiling order and remove his or her name from the Judicial Council's list of vexatious litigants subject to prefiling orders. The application shall be filed in the court that entered the prefiling order, either in the action in which the prefiling order was entered or in conjunction with a request to the presiding justice or presiding judge to file new litigation under Section 391.7. The application shall be made before the justice or judge who entered the order, if that justice or judge is available. If that justice or judge who entered the order is not available, the application shall be made before the presiding justice or presiding judge, or his or her designee.

(b) A vexatious litigant whose application under subdivision (a) was denied shall not be permitted to file another application on or before 12 months has elapsed after the date of the denial of the previous application.

(c) A court may vacate a prefiling order and order removal of a vexatious litigant's name from the Judicial Council's list of vexatious litigants subject to prefiling orders upon a showing of a material change in the facts upon which the order was granted and that the ends of justice would be served by vacating the order.

SEC. 3. Section 1141.20 of the Code of Civil Procedure is amended to read:

<< CA ST § 1141.20 >>

1141.20. (a) An arbitration award shall be final unless a request for a de novo trial **or a request for dismissal in the form required by the Judicial Council** is filed within **60** days after the date the arbitrator files the award with the court.

(b) Any party may elect to have a de novo trial, by court or jury, both as to law and facts. Such trial shall be calendared, insofar as possible, so that the trial shall be given the same place on the active list as it had prior to arbitration, or shall receive civil priority on the next setting calendar.

SEC. 4. Section 1141.23 of the Code of Civil Procedure is amended to read:

<< CA ST § 1141.23 >>

1141.23. The arbitration award shall be in writing, signed by the arbitrator and filed in the court in which the action is pending. If there is no request for a de novo trial **or a request for dismissal in the form required by the Judicial Council** and the award is not vacated, the award shall be entered in the judgment book in the amount of the award. Such award shall have the same force and effect as a judgment in any civil action or proceeding, except that it is not subject to appeal and it may not be attacked or set aside except as provided by Section 473, 1286.2, or Judicial Council rule.

13

# CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, I electronically filed the following documents with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system:

## APPELLANTS' OPENING BRIEF (With addendum)

Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. The participants registered are as follows:

Mr. David Adida, Esq.
Deputy Attorney General
Attorney General of California
300 South Spring Street, Suite 1702
Los Angeles, CA 90013
Tel: 2130897-9644
Fax: 213-897-2810
Email: David.Adida@doj.ca.gov
Attorneys for Defendants Jerry Brown Governor of the State of California and Kamala Harris, Attorney General of the State of California

Mr. Marc J. Wodin, Esq.
Law Offices of Marc J. Wodin
23901 Calabasas Road, Suite 1076
Calabasas, CA 91302
Tel: 818-595-3490
Fax: 818-225-7497
Email: marc_wodin@wodinlaw.com
Attorney for County of Los Angeles and Andrea Ordin County Counsel

Mr. Kevin McCormick, Esq.
Benton, Orr, Duval & Buckingham
39 North California Street
Post Office Box 1178
Ventura, CA 93002
Tel: 805-648-5111
Fax: 805-648-7218
Email: kmccormick@bentonorr.com
Attorney for John A. Clarke, Executive Officer of the Superior Court
of the County of Los Angeles


I declare under penalty of perjury under the laws of the State of

California the foregoing is true and correct and this declaration was

executed on June 29, 2012 at Los Angeles, California.

s/ Matthew Melaragno_____